UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

RAYMOND ORTIZ,
and other similarly situated individuals,

      Plaintiff (s),

v.

THE BEVERLY HILLS SPA & SALON LLC
and HILBERT MOHABIR, individually

      Defendants,

_____/

## **COMPLAINT**
### (OPT-IN PURSUANT TO 29 U.S.C § 216(b))

      COMES NOW the Plaintiff RAYMOND ORTIZ, by and through the undersigned counsel, on behalf of himself and other similarly situated hereby sues Defendants THE BEVERLY HILLS SPA & SALON LLC, and HILBERT MOHABIR, individually, and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid regular and overtime wages and retaliation under the laws of the United States.  This Court has jurisdiction pursuant to Title 28 U.S.C. §§ 1331 and 1337 and under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq (the "FLSA" or the "Act").

2. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216 (b).

3. Plaintiff RAYMOND ORTIZ (hereinafter RAYMOND ORTIZ, or Plaintiff) is a resident of Broward County, within the jurisdiction of this Honorable Court.   Plaintiff is a covered employee for purposes of the Act.

4. Defendant THE BEVERLY HILLS SPA & SALON LLC (hereinafter THE BEVERLY HILLS SPA, or Defendant) is a Florida corporation with a place of business in Fort Lauderdale, Florida, FL, within the jurisdiction of this Court.  At all times, Defendant was and is engaged in interstate commerce.

5. The individual Defendant HILBERT MOHABIR was and is now the owner/partner and manager of Defendant Corporation THE BEVERLY HILLS SPA. This individual Defendant was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

6. All the actions raised in this Complaint took place in Broward County, within the jurisdiction of this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

7. This cause of action is brought by Plaintiff as a collective action to recover from Defendants regular wages, overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during the material time.

8. The asserted class for this collective action includes all current and former employees similarly situated to Plaintiff, performing non-exempted duties, at all premises of THE BEVERLY HILLS SPA, in furtherance of the business of Defendants, and who worked

more than forty hours (40) during one or more weeks within the material time, without being paid minimum wages and overtime hours at the rate of time and one-half his regular rate ("the overtime rate"), pursuant the FLSA.

9. The material time for the claims, in this case, is the three-year period (3 years) prior to the date of each Plaintiff or each similarly situated individuals joining this action, as tolled or extended by the equity of by law.

10. Corporate Defendant THE BEVERLY HILLS SPA provides a full range of hair, face, and body beauty treatments. Defendant has a place of business located at 2767 East Oakland Park Blvd., FT. Lauderdale, Fl 33144, where Plaintiff worked.

11. Defendants THE BEVERLY HILLS SPA and HILBERT MOHABIR employed Plaintiff RAYMOND ORTIZ as a non-exempted, full-time employee, from on or about May 01, 2021, through approximately October 17, 2021, or 20 weeks.

12. Plaintiff was hired as a non-exempted front desk spa attendant. Plaintiff also had multiple additional responsibilities, including cleaning the facility.

13. During his employment with Defendants, Plaintiff worked at the spa 5 days per week regularly.  Plaintiff worked on Mondays, Tuesdays, Fridays, Saturdays, and Sundays from 9:00 AM to 6:00 PM (9 hours daily).  However, Plaintiff was required to sign timesheets showing a schedule from 10:00 AM to 5:00 PM (7 hours daily). Plaintiff completed from 9:00 AM to 6:00 PM 45 hours weekly. Plaintiff was unable to take bonafide lunchtime.

14. In addition to this schedule at the spa, every day, after 6:00 PM,  Defendants transferred the business' phone to Plaintiff's cell phone.  Plaintiff worked at home seven days per week from Monday to Sunday a minimum of 1 hour daily or 7 hours per week. Plaintiff worked answering the phone, coordinating and booking clients' appointments.

15. Consequently, while employed by Defendants, Plaintiff worked regularly and consistently a total of 52 hours weekly.

16. Plaintiff received a salary of $1,000.00, but he was not paid for overtime hours, as required by law.

17. Defendants were in complete control of Plaintiff's schedule. They knew about the actual number of hours worked by Plaintiff was working. Nevertheless, defendants required Plaintiff to sign a false timesheet to elude their overtime responsibilities.

18. Therefore, Defendants willfully and intentionally failed to pay Plaintiff for all his overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

19. Plaintiff was paid weekly through a payroll company at the beginning of his employment and later through Zelle, without any record providing information about the number of days and hours worked, employee's taxes withheld, etc.

20. Plaintiff disagreed with the lack of payment for overtime hours and late payments, and he complained with the owner of the business, HILBERT MOHABIR, at the end of July 2021.

21. On or about October 06, 2021, again, Plaintiff complained about overtime payment and missing payment for regular wages to HILBERT MOHABIR. The same day, Plaintiff took an approved vacation period of 10 days. Plaintiff was supposed to return to work on October 18, 2021.

22. However, on or about October 18, 2021, Plaintiff received a telephone call from Defendants, instructing him not to come to work, and owner HILBERT MOHABIR would contact Plaintiff later.

23. On or about October 19, 2021, the business owner, HILBERT MOHABIR, contacted Plaintiff by text and fired him, alleging pretextual reasons.

24. At the time of his termination, Defendants refused to pay Plaintiffs 4 weeks of regular wages.

25. Defendants also willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

26. Plaintiff RAYMOND ORTIZ seeks to recover regular unpaid wages and overtime wages for every hour above 40 that he worked, liquidated damages, retaliatory damages, and any other relief as allowable by law.

27. Plaintiff has retained the law offices of the undersigned attorney to represent him individually and on behalf of the asserted class and incurred attorney's fees and costs in bringing this action.   Pursuant to 29 U.S.C § 216 (b), Plaintiff is entitled to recover reasonable attorney's fees and costs.

**<u>COUNT I:</u>**
**<u>WAGE AND HOUR FEDERAL STATUTORY VIOLATION;</u>**
**<u>FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS</u>**

28. Plaintiff RAYMOND ORTIZ re-adopts every factual allegation stated in paragraphs 1-27 above as if set out in full herein.

29. This cause of action is brought by Plaintiff as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after May 2021,  (the "material time")

without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

30. The Employer, THE BEVERLY HILLS SPA, was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a beauty spa and salon with more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida. Upon information and belief, the annual gross revenue of the Employers/Defendant was always more than $500,000 per annum. Therefore, there is enterprise coverage.

31. Plaintiff was employed by an enterprise engaged in interstate commerce. Through his daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce, performing credit card transactions and handling and working with goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

32. Defendants THE BEVERLY HILLS SPA and HILBERT MOHABIR employed Plaintiff RAYMOND ORTIZ as a non-exempted, full-time employee, from on or about May 01, 2021, through approximately October 17, 2021, or 20 weeks.

33. Plaintiff was hired as a non-exempted front desk spa attendant. Plaintiff also had multiple additional responsibilities, including cleaning the facility.

34. During his employment with Defendants, Plaintiff worked 5 days per week regularly. Plaintiff worked on Mondays, Tuesdays, Fridays, Saturdays, and Sundays from 9:00 AM

to 6:00 PM (9 hours daily).  However, Plaintiff was required to sign timesheets showing a schedule from 10:00 AM to 5:00 PM (7 hours daily). Plaintiff completed from 9:00 AM to 6:00 PM 45 hours weekly. Plaintiff was unable to take bonafide lunchtime.

35. In addition to this schedule, every day, after 6:00 PM,  Defendants transferred the business' phone to Plaintiff's cell phone.  Plaintiff worked at home seven days per week from Monday to Sunday a minimum of 1 hour daily or 7 hours per week. Plaintiff worked answering the phone, coordinating and booking clients' appointments.

36. Consequently, while employed by Defendants, Plaintiff worked regularly and consistently a total of 52 hours weekly.

37. Plaintiff received a salary of $1,000.00, but he was not paid for overtime hours, as required by law.

38. Defendants were in complete control of Plaintiff's schedule. They knew about the actual number of hours worked by Plaintiff was working. Yet, Defendants required Plaintiff to sign a false timesheet to elude their overtime responsibilities.

39. Therefore, Defendants willfully and intentionally failed to pay Plaintiff for all his overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

40. At the beginning of his employment, Plaintiff was paid weekly through a payroll company and later through Zelle, without any record providing information about the number of days and hours worked, employee's taxes withheld, etc.

41. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and

custody of Defendants.  However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

42. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

43. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

   *Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

   a.   Total amount of alleged unpaid O/T wages:

   Two Thousand Three Hundred Eight Dollars and 80/100 ($2,308.80)

   b.   Calculation of such wages:

   Total period of employment:  20 weeks
   Total relevant weeks: 20 weeks
   Total hours worked: 52  hours weekly
   Total O/T hours:  12 O/T hours weekly
   Salary: $1,000.00 weekly: 52 hours =$ 19.23 regular rate x 1.5=$28.85 O/T rate
    O/T rate:$28.85 - $19.23 O/T rate paid=$9.62 half-time difference
   Half-time:  $9.62

   Half-time O/T $9.62 x 12 O/T hours=$115.44 weekly x 20 weeks=$2,308.80

   c.   Nature of wages (e.g., overtime or straight time):

   This amount represents unpaid overtime wages.

44. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, no provision was made

by the Defendants to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

45. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above. Plaintiff and those similarly situated are entitled to recover double damages.

46. At times mentioned, individual Defendant HILBERT MOHABIR was and is now the owner/partner and manager of THE BEVERLY HILLS SPA. Defendant HILBERT MOHABIR was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. This individual Defendant acted directly in the interests of THE BEVERLY HILLS SPA  concerning its employees, including Plaintiff and others similarly situated. Defendant HILBERT MOHABIR had financial and operational control of the business, provided Plaintiff with his work schedule, and they are jointly and severally liable for Plaintiff's damages.

47. Defendants THE BEVERLY HILLS SPA and HILBERT MOHABIR willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

48. Plaintiff has retained the law offices of the undersigned attorney to represent him individually and on behalf of the asserted class and incurred attorney's fees and costs in

bringing this action.  Pursuant to 29 U.S.C § 216 (b), Plaintiff is entitled to recover reasonable attorney's fees and costs.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff RAYMOND ORTIZ and those similarly situated respectfully requests that this Honorable Court:

A.  Enter judgment for Plaintiff RAYMOND ORTIZ and other similarly-situated individuals and against the Defendants THE BEVERLY HILLS SPA and HILBERT MOHABIR based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B.  Award Plaintiff RAYMOND ORTIZ actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff RAYMOND ORTIZ demands trial by jury of all issues triable as of right by jury.

**COUNT II:**
**F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS**

49. Plaintiff re-adopts every factual allegation stated in paragraphs 1-27 of this Complaint as if set out in full herein.

50. The Employer THE BEVERLY HILLS SPA  was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A).  Defendant is a beauty spa and salon with more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida. Upon information and belief, the annual gross revenue of the Employers/Defendant was always more than $500,000 per annum. Therefore, there is enterprise coverage.

51. Plaintiff was employed by an enterprise engaged in interstate commerce. Through his daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce performing credit card transactions and handling and working with goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

52. This action is brought by Plaintiff to recover from the Employer unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.  U.S.C. §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

 (1) except as otherwise provided in this section, not less than—

        (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day.

53. Defendants THE BEVERLY HILLS SPA and HILBERT MOHABIR employed Plaintiff RAYMOND ORTIZ as a non-exempted, full-time spa front desk attendant, from on or about May 01, 2021, through approximately October 17, 2021, or 20 weeks.

54. During his employment with Defendants Plaintiff worked 5 days per week on a regular schedule.  Plaintiff worked on Mondays, Tuesdays, Fridays, Saturdays, and Sundays from 9:00 AM to 6:00 PM (9 hours daily).  However, Plaintiff was required to sign timesheets showing a schedule from 10:00 AM to 5:00 PM (7 hours daily). Plaintiff completed from 9:00 AM to 6:00 PM 45 hours weekly. Plaintiff was unable to take bonafide lunchtime.

55. In addition to this schedule, every day, after 6:00 PM,  Defendants transferred the business' phone to Plaintiff's cell phone.   Plaintiff worked at home seven days per week from Monday to Sunday a minimum of 1 hour daily or 7 hours per week. Plaintiff worked answering the phone, coordinating and booking clients' appointments.

56. Consequently, while employed by Defendants, Plaintiff worked regularly and consistently a total of 52 hours weekly.

57. Plaintiff received a salary of $1,000.00, but he was not paid for overtime hours.

58. Plaintiff complained about the unpaid overtime hours and payment for regular hours.

59. As a consequence of Plaintiff's complaint, Defendants fired Plaintiff on or about October 19, 2021.

60. At the moment of his termination, Defendants refused to pay Plaintiff his hard-earned wages.  Defendants did not pay Plaintiff for 4 weeks of work.

61. There is a substantial number of hours that were not compensated at any rate, not even the minimum wage rate established by the FLSA.

62. Defendants were in complete control of Plaintiff's schedule. They knew about the actual number of hours worked by Plaintiff was working. Defendants required Plaintiff to sign a false timesheet to elude their FLSA responsibilities.

63. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

64. Plaintiff was paid weekly through a payroll company at the beginning of his employment and later through Zelle, without any record providing information about the number of days and hours worked, employee's taxes deductions etc.

65. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in the possession and custody of Defendants.  However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other similarly situated individuals. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

66. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments.  Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

67.  Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this Complaint, the Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.
Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

    a.  <u>Total amount of alleged unpaid wages</u>:

       One Thousand Seven Hundred Ninety-Nine Dollars and 20/100 ($1,799.20)

    b.  <u>Calculation of such wages</u>:

       Total period of employment:  20 weeks
       Total relevant weeks: 20 weeks
       Total number of hours worked:  52 weekly
       Total number of unpaid weeks: 4 weeks
       Fl Minimum wage 2021: $8.65

       Fl minimum wage rate $8.65 x 52 hours=$449.80 weekly x 4 weeks=$1,799.20

    c.  <u>Nature of wages</u>:

       This amount represents unpaid minimum wages at the Florida minimum wage rate.

68. The Defendants unlawfully failed to pay minimum wages to Plaintiff.  Plaintiff seeks to recover for minimum wage violations accumulated during his relevant time of employment.

69. The Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages.

70. At times mentioned, individual Defendant HILBERT MOHABIR was and is now the owner/partner and manager of THE BEVERLY HILLS SPA. Defendant HILBERT MOHABIR was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. This individual Defendant acted directly in the interests of THE BEVERLY HILLS SPA  concerning its employees, including Plaintiff and others similarly situated. Defendant HILBERT

MOHABIR had financial and operational control of the business, provided Plaintiff with his work schedule, and they are jointly and severally liable for Plaintiff's damages.

71. Defendants THE BEVERLY HILLS SPA and HILBERT MOHABIR willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States, and remain owing Plaintiff these minimum wages as set forth above.

72. Plaintiff has retained the law offices of the undersigned attorney to represent him individually and on behalf of the asserted class and incurred attorney's fees and costs in bringing this action. Pursuant to 29 U.S.C § 216 (b), Plaintiff is entitled to recover reasonable attorney's fees and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff RAYMOND ORTIZ respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff RAYMOND ORTIZ and against the Defendants THE BEVERLY HILLS SPA and HILBERT MOHABIR based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff RAYMOND ORTIZ and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

## COUNT III:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATION; AGAINST ALL DEFENDANTS

73. Plaintiff RAYMOND ORTIZ re-adopts every factual allegation stated in paragraphs 1-27 of this Complaint as if set out in full herein.

74. The Employer THE BEVERLY HILLS SPA  was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A).  Defendant is a beauty spa and salon that has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida. Upon information and belief, the annual gross revenue of the Employers/Defendant was always more than $500,000 per annum. Therefore, there is enterprise coverage.

75. Plaintiff was employed by an enterprise engaged in interstate commerce. Through his daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce performing credit card transactions and by handling and working with goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

76. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

77. 29 U.S.C. § 206 (a) (1) states, "….an Employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

78. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

79. Defendants THE BEVERLY HILLS SPA and HILBERT MOHABIR employed Plaintiff RAYMOND ORTIZ as a non-exempted, full-time spa front desk attendant, from on or about May 01, 2021, through approximately October 17, 2021, or 20 weeks.

80. During his employment with Defendants Plaintiff worked at the spa 5 days per week on a regular schedule. Plaintiff worked on Mondays, Tuesdays, Fridays, Saturdays, and Sundays from 9:00 AM to 6:00 PM (9 hours daily).  However, Plaintiff was required to sign timesheets showing a schedule from 10:00 AM to 5:00 PM (7 hours daily). Plaintiff was unable to take bonafide lunchtime.

81. In addition to this schedule at the spa, every day, after 6:00 PM,  Defendants transferred the business' phone to Plaintiff's cell phone.  Plaintiff worked at home seven days per week from Monday to Sunday a minimum of 1 hour daily or 7 hours per week. Plaintiff worked answering the phone, coordinating and booking clients' appointments.

82. Consequently, while employed by Defendants, Plaintiff worked regularly and consistently a total of 52 hours weekly.

83. Plaintiff received a salary of $1,000.00, but he was not paid for overtime hours.

84. Defendants were in complete control of Plaintiff's schedule. They knew about the actual number of hours worked by Plaintiff was working. Defendants required Plaintiff to sign a false timesheet to elude their FLSA responsibilities.

85. Therefore, Defendants willfully failed to pay Plaintiff for all his overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). Defendants also willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

86. Plaintiff complained about the unpaid overtime hours and late payment for regular hours to the owner of the business, HILBERT MOHABIR, at the end of July 2021.

87. This complaint constituted protected activity under 29 U.S.C. 215(a)(3).

88. On or about October 06, 2021, Plaintiff complained for the last time to HILBERT MOHABIR. Plaintiff complained about regular unpaid wages and unpaid overtime hours.

89. This complaint constituted protected activity under 29 U.S.C. 215(a)(3).

90. As a consequence of Plaintiff's complaint, Defendants fired Plaintiff on or about October 19, 2021.

91. At the moment of his termination, Defendants refused to pay Plaintiff his hard-earned wages.  Defendants did not pay Plaintiff for 4 weeks of work.

92. There is a substantial number of hours that were not compensated at any rate, not even the minimum wage rate established by the FLSA.

93. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

94. At all times during his employment, Plaintiff performed his work satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendant.

95. At times mentioned, individual Defendant HILBERT MOHABIR was and is now the owner/partner and manager of THE BEVERLY HILLS SPA. Defendant HILBERT MOHABIR was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. This individual Defendant acted directly in the interests of THE BEVERLY HILLS SPA concerning its employees, including Plaintiff and others similarly situated. Defendant HILBERT MOHABIR had financial and operational control of the business, provided Plaintiff with his work schedule, and they are jointly and severally liable for Plaintiff's damages.

96. The termination of Plaintiff RAYMOND ORTIZ by the Defendants was directly and proximately caused by Defendants' unjustified retaliation against Plaintiff because of his complaints about overtime payment and regular wages, in violation of Federal Law.

97. Moreover, Plaintiff's termination came just in temporal proximity after Plaintiff's participation in protected activity.

98. Defendants THE BEVERLY HILLS SPA and HILBERT MOHABIR willfully and maliciously retaliated against Plaintiff RAYMOND ORTIZ by engaging in a retaliatory action that was materially adverse to a reasonable employee, and with the purpose to dissuade Plaintiff from exercising his rights under 29 U.S.C. 215(a)(3).

99. The motivating factor which caused Plaintiff RAYMOND ORTIZ to be fired from the business, as described above, was his complaint seeking his regular and overtime wages

from the Defendants. In other words, Plaintiff would not have been fired but for his complaints regarding regular and overtime wages.

100.     The Defendants' adverse actions against Plaintiff RAYMOND ORTIZ were in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

101.     Plaintiff RAYMOND ORTIZ has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorney's fees and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff RAYMOND ORTIZ respectfully requests that this Honorable Court:

A.  Enter judgment declaring that the firing of Plaintiff RAYMOND ORTIZ by Defendants THE BEVERLY HILLS SPA and HILBERT MOHABIR was an unlawful act of retaliation in violation of 29 U.S.C. 215 (a) (3).

B.  Enter judgment against Defendants THE BEVERLY HILLS SPA and HILBERT MOHABIR awarding Plaintiff RAYMOND ORTIZ liquidated damages in an amount equal to the amount awarded as consequential damages;

C.  For all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages

D.  Enter judgment awarding Plaintiff reasonable attorney's fees and costs of this suit; and

E.  Grant such other and further relief as this Court deems necessary and proper.

<u>JURY DEMAND</u>

Plaintiff RAYMOND ORTIZ demands trial by jury of all issues triable as of right by jury.

DATED: January 13, 2022

Respectfully submitted,

By: **_/s/ Zandro E. Palma_**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*