UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-60107-BLOOM/Valle

RAYMOND ORTIZ,

    Plaintiff,

v.

THE BEVERLY HILLS SPA & SALON LLC,
*et al*.,

    Defendant.
_____/

**ORDER ON MOTION FOR LEAVE TO SERVE SUMMONS AND COMPLAINT ON DEFENDANT DAYANA SOSA BY PUBLICATION AND FOR EXTENSION OF TIME TO PERFECT SERVICE ON DEFENDANT DAYANA SOSA**

**THIS CAUSE** is before the Court upon Plaintiff Raymond Ortiz's ("Plaintiff") Motion for Leave to Serve Summons and Complaint on Defendant Dayana Sosa by Publication and for Extension of Time to Perfect Service on Defendant Dayana Sosa, ECF No. [53] ("Motion"). The Court has considered the Motion, the record in the case, and is otherwise fully advised. For the reasons that follow, the Motion is granted in part.

The Motion represents that Plaintiff has been unable to successfully serve Defendant, Dayan Sosa ("Defendant"). The Motion and its supporting attachments assert that Plaintiff has not been able to serve Defendant despite his best efforts and due diligence. *See generally id.* Plaintiff, therefore, posits that service by publication is warranted. *Id.*

In support of the Motion, Plaintiff attaches the Declaration of Zandro E. Palma in Support of Motion to Serve by Publication ("Declaration"), ECF No. [53-2]. The Declaration states that "[a]fter diligent search and inquiry, Plaintiff is unable to effectuate service upon the Defendant Dayana Sosa." *Id.* The Declaration further explains that Plaintiff made several attempts to serve

Defendant at various addresses, including at her office and home address, and an additional address obtained through property records. In particular, Plaintiff attempted service at 146 NW 36th, Door #2, Miami Florida 33125, her supposed residence, twice in September 2022. *See* ECF Nos. [53-2]; [53-1]. Plaintiff also attempted service at three additional addresses: 2021 SW 24th Terrace, Miami, Florida 33145, three times in August; 151 NW 37th Avenue, Miami, Florida 33125, Defendant's office, three times in August and once in September; and at 650 E 47th St., Hialeah, Florida 33013, an additional property listed for Defendant, twice in September. *See* ECF No. [53-1].

With this background, the Court will address Plaintiff's request.

Federal Rule of Civil Procedure 4(e) provides that "an individual . . . may be served in a judicial district of the United States by . . . following the state law for serving a summons in an action . . . where the district court is located or where service is made." Under the Florida Rules of Civil Procedure, "[s]ervice of process by publication may be made as provided by statute." Fla. R. Civ. P. 1.070(d).

In Florida, service by publication is permitted only in a limited set of circumstances. *See* Fla. Stat. § 49.011. As a condition precedent to service by publication, a plaintiff or plaintiff's attorney or agent shall file a statement setting forth: (1) that a diligent search and inquiry have been made to discover the name and residence of such person; (2) whether such person is over or under the age of 18 years; and (3) that the residence of such person is: (a) unknown to the affiant; or (b) in some state or country other than this state; or (c) in the state, but that he or she has been absent from the state for more than 60 days. Fla. Stat. §§ 49.031; 49.041. "[B]ecause the lack of personal service implicates due process concerns, a plaintiff must strictly comply with the statutory requirements." *Redfield Invs., A.V.V. v. Vill. of Pinecrest*, 990 So. 2d 1135, 1138 (Fla. 3d DCA 2008). The Court therefore "has the duty to determine not only whether the affidavit of search is

legally sufficient, but also whether the plaintiff conducted an adequate search to locate the defendant." *Id.*

The Motion falls short on both fronts. Given the significant due process concerns and the record presented, the Court finds Plaintiff's attempts to locate Defendant insufficient to permit service by publication. *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950) ("Certainly the proceeding is one in which [defendants] may be deprived of property rights and hence notice and hearing must measure up to the standards of due process.").[1] Although the Court acknowledges Plaintiff's frustrations, it will not permit service by publication because the Motion is procedurally deficient and substantively unwarranted.

Regarding the procedural aspect, the Declaration—which is ostensibly made under penalty of perjury and pursuant to 28 U.S.C. § 1746—is incompetent evidence. It is not dated by Zandro E. Palma, the alleged declarant. This omission run afoul of the statute. *See* 28 U.S.C. § 1746 (requiring that the declaration be in writing, signed, and dated). The Motion, thus, is properly denied on that basis alone. *See Adriana Ifergane, Plaintiff, v. Pascal Fratellini & Scott Holland Defendants*, No. 19-21123-CIV, 2020 WL 248969, at *2 n.2 (S.D. Fla. Jan. 16, 2020) (declining to consider declaration that was neither signed nor dated when evaluating motion); *Gould v. Fla. Atl. Univ. Bd. of Trs.*, No. 10-81210-CIV, 2011 WL 13227928, at *2 (S.D. Fla. Oct. 25, 2011) (ruling that declaration was invalid because it was unsigned and undated) (collecting cases).

Regarding the substantive component, the Motion does not demonstrate that a diligent search has been made in order to effectuate service upon the Defendant. First, although Plaintiff asserts that he has exercised due diligence in attempting to locate Defendant, Plaintiff fails to set

---

[1] Notwithstanding Plaintiff's assertion that "no personal service of process is necessary in this action to enforce unpaid overtime and minimum wage violations," Plaintiff cites no authority in support, and the First Amended Complaint asserts claims against Defendant individually. *See* ECF No. [28].

Case No. 22-cv-60107-BLOOM/Valle

forth specifically the efforts undertaken. Second, Plaintiff has not provided the Court with competent evidence to determine if Plaintiff has in fact attempted to serve Defendant at her residence. The only evidence before the Court indicating that Plaintiff resides at 146 NW 36th, Door #2, Miami, Florida is a conclusory statement in the insufficient Declaration. *See* ECF No. [53-2] ¶ 8. Apart from this, the record does not contain any address that indicates it is Defendant's residence. Third, the Court notes that the process server's Return of Non-Service makes numerous references to a Maserati, and whether it was seen at the properties, *see* ECF No. [53-2], but there is no explanation of the relevance of the Maserati, or whether information regarding ownership of the car might lead to a viable location for Defendant.

Nevertheless, the Court will permit Plaintiff additional time in which to attempt to personally serve Defendant. The First Amended Complaint was filed on July 26, 2022, and therefore, the ninety-day deadline for service would be October 24, 2022.[2]

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [53]**, is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's request to serve by publication is denied, but the time in which to effectuate service of process upon Defendant Dayana Sosa is extended to **October 24, 2022**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 28, 2022.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record

---

[2] In granting Plaintiff's request to file the First Amended Complaint, the Court imposed a shortened deadline to serve the new Defendants, including Defendant Dayana Sosa. *See* ECF No. [27].