UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-60107-BLOOM/Valle

RAYMOND ORTIZ,

     Plaintiff,

v.

THE BEVERLY HILLS SPA & SALON LLC,
*et al*.,

     Defendant.

_____/

## ORDER ADMINISTRATIVELY CLOSING CASE

     **THIS CAUSE** is before the Court upon the Mediator's Report, ECF No. [55], indicating that the parties have reached a settlement in this case. The Court having carefully reviewed the file, and being otherwise fully advised, it is **ORDERED AND ADJUDGED** as follows:

1. The above-styled action is administratively **CLOSED** without prejudice. The Clerk shall **CLOSE** this case for administrative purposes only.

2. The parties are directed to file a motion seeking <u>settlement approval</u> by this Court and a <u>stipulation of dismissal</u> on or before **November 1, 2022**.[1] Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), claims for back wages arising under the FLSA may be settled only with approval of the Court or

_____

[1] This is a Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, case in which the parties have stipulated to dismissal, following a settlement. The two circumstances in which FLSA claims may be compromised are claims that are: (1) supervised by the Secretary of Labor, pursuant to 29 U.S.C. § 216(c); and (2) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). Before a court may approve a compromised settlement, it must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *See id.* at 1354-55. In contrast, where a plaintiff is offered full compensation on his or her FLSA claim, no compromise is involved and judicial approval is not required. *See Mackenzie v. Kindred Hosp. E., L.L.C.*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003).

the Secretary of Labor. The parties are reminded that the FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. *See Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Thus, if the settlement agreement itself does not disclose the amount paid to the Plaintiff and counsel's attorney fees, they should be separately indicated. The parties should also include in their filing any information that they believe is relevant to determining the fairness of the fee.

3. If the parties fail to complete the expected settlement, either party may request the Court to reopen the case.

4. Any pending motions are **DENIED AS MOOT**. Any impending deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 11, 2022.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record